UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT BARNETT,

      Plaintiff,

v.                                   Case No. 05-70209

MCI SERVICE PARTS, INC.,          Honorable Patrick J. Duggan

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 13, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This lawsuit arises from Defendant's termination of Plaintiff on October 5, 2004.

Plaintiff, who was sixty-four years old at the time of his termination, alleges that

Defendant discriminated against him based on his age in violation of Michigan's Elliott-

Larsen Civil Rights Act, MICH. COMP. LAWS ANN. §§ 37.2101-2804.  Presently

before the Court is Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

The Court held a hearing on Defendant's motion on May 12, 2005.

      In its motion to transfer venue, Defendant asks the Court to transfer this lawsuit to

1

the United States District Court for the Northern District of Illinois. Defendant contends that the Northern District of Illinois is a more convenient forum in which to litigate this matter. Specifically, Defendant notes that it and its parent corporation are headquartered in Schaumburg, Illinois and that the individuals who decided to terminate Plaintiff and who maintain Plaintiff's employment records work in Illinois. Defendant further argues that a comparison of the dockets of the Eastern District of Michigan and the Northern District of Illinois indicate that the latter forum can adjudicate this case most expeditiously and inexpensively.

**Factual Background**

Defendant, a Delaware Corporation with its principal place of business in Schaumburg, Illinois, sells aftermarket parts for motor coaches and buses. Defendant hired Plaintiff, a resident of Waterford, Michigan, in January 1988. In his employment responsibilities for Defendant, Plaintiff traveled throughout the Eastern United States.

**Applicable Law and Analysis**

28 U.S.C. Section 1404(a) provides that a district court may transfer a civil action to any other district where the action may have been brought in order to serve "the convenience of parties and witnesses" and "the interest of justice."[1] 28 U.S.C. § 1404(a). To determine whether a motion to transfer venue pursuant to Section 1404(a) should be granted, courts must weigh a number of case-specific factors, including the following: (1) the convenience of the parties and witnesses; (2) accessibility to sources of proof; (4) the

---

[1] The parties agree that Plaintiff could have brought his action in the Northern District of Illinois.

availability of process to compel attendance of unwilling witnesses; (5) the costs of

obtaining willing witnesses; (6) the practical problems of trying the case most

expeditiously and inexpensively; and (7) the interests of justice. *Kepler v. ITT Sheraton*

*Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). The party seeking a change of venue

bears the burden of establishing that "in light of these factors, 'fairness and practicality

strongly favor the forum to which transfer is sought.'" *IFL Group, Inc. v. World Wide*

*Flight Servs., Inc.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004)(quoting *Thomas v. Home*

*Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)). The moving party must

make this showing by a preponderance of the evidence. *Id*. (citing *Amphion Inc. v.*

*Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946-67 (E.D. Mich. 2003)). It is a well-

established rule, that "unless the balance is strongly in favor of the defendant, the

plaintiff's choice of forum should rarely be disturbed." *Dowling v. Richardson-Merrell,*

*Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,

508, 67 S. Ct. 839, 843 (1947)).

The Court is not persuaded that the above factors strongly favor disturbance of

Plaintiff's choice of forum and a transfer of this matter to the Northern District of Illinois.

First, Defendant contends that the majority of witnesses– its employees– who have

information relating to Plaintiff, his employment, and the decision to terminate him are

located in Illinois. Defendant argues that it will be more expensive and inconvenient to

require these employees to travel to Michigan in order to be deposed and to provide

testimony at trial. Defendant argues that since Plaintiff traveled throughout the Eastern

United States (including Illinois) in his position with Defendant, "it would not be a

3

significant inconvenience for him to litigate this case in the Northern District of Illinois."

The Court is not satisfied that any of the Defendant's witnesses, except those individuals involved in the decision to terminate Plaintiff, necessarily will be called to testify in this case. With respect to discovery, even if the case remains in this venue, depositions can be conducted where a witness works and/or resides. Neither side has identified any non-party witnesses at this time. Additionally, the Court finds the fact that Plaintiff traveled throughout the United States in his position with Defendant irrelevant to the determination of whether his lawsuit should be transferred to Defendant's preferred forum. The same argument could be made in support of keeping Plaintiff's lawsuit here–that is, that Defendant conducted regular, continuous, and systematic business activities throughout the Eastern United States, including within the Eastern District of Michigan.

Second, Defendant places significant emphasis on the location of relevant employment records– specially Plaintiff's "*entire* personnel file." Defendant argues that since these records are located in the Northern District of Illinois, it would be more convenient to transfer this matter there. The Court, however, finds the location of such documents irrelevant given the ease of transporting documents from one state to another.

Third, Defendant contends that a comparison of the court dockets of the Eastern District of Michigan and the Northern District of Illinois suggests that this case can be adjudicated more expeditiously and inexpensively in the latter forum. Specifically, Defendant notes that there are more than two times as many cases pending in this district as the Northern District of Illinois and that 77% of the civil cases pending in this district

4

are over three years old in comparison to 5% in the Northern District of Illinois.[2]  The

Court advised counsel at the hearing on May 12, 2005, that it was prepared to conduct the

trial of this case within the next 6 months.  Because of concerns about ability to complete

discovery, counsel for Defendant indicated that he felt a longer period of time was

warranted.  The Court has therefore scheduled trial of this action for the Court's

January/February 2006 trial term.

Finally, the Court may consider the financial disparity between Plaintiff– an

individual whose employment has been terminated– and Defendant– a corporation– in

deciding whether the transfer this action to away from Plaintiff's home forum.

In summary, Defendant only demonstrates that it and its employees will find it

more convenient if this action is transferred to the Northern District of Illinois.  A transfer

should not be granted where it only will shift the burden from one party to the other.

Moreover, between Plaintiff and Defendant, the Court believes that the cost and

inconvenience of litigating this matter in a "foreign" venue most likely would be greater

for Plaintiff. Given these considerations and Plaintiff's choice of forum, the Court

concludes that Defendant fails to meet its burden of proving that fairness and practicality

strongly favor the Northern District of Illinois.

---

[2]Counsel fails to point out that the 77% figure for the Eastern District of Michigan is
followed by two asterisks referring the reader to an "explanation of selected terms."  This
"explanation" provides that the 77% figure includes "between 10,000 and 14,000 silicone breast
implant cases . . . technically . . . pending, but effectively . . . stayed pending the resolution of an
appeal on a related bankruptcy matter."  This obviously would tell a reader that the 77% figure is
not a reliable figure.  Furthermore, counsel fails to point out the statistics from the same reports
showing that the median time from filing to trial is significantly less in this district than it is in
the Northern District of Illinois.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to transfer venue pursuant to 28

U.S.C. § 1404(a) is **DENIED**.


s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated:  May 13, 2005

I hereby certify that a copy of the foregoing document was served upon Donald Gasiorek, Gregory Kopacz and Paul Starkman on May 13, 2005, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

6